IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT PAW, INC. | ) |
|     Plaintiff, | ) Case No. 16-CV-709 |
| v. | ) |
| VERANDA ENTERPRISES INC. and TIMOTHY F. CLOUGH | ) JURY TRIAL DEMANDED |
|     Defendants. | ) |

## COMPLAINT

Plaintiff Great Paw, Inc. ("Great Paw"), by and through its attorneys, alleges the following against Defendants Veranda Enterprises Inc. ("Veranda") and Timothy F. Clough ("Clough") (each a "Defendant" and collectively, "Defendants").

### NATURE OF THE ACTION

1. This is a civil action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, with respect to an actual controversy arising under the Patent Laws of the United States, Title 35 of the United States Code, involving United States Patent No. 6,363,534 ("the '534 patent" or "patent-in-suit"), attached hereto as Exhibit A.

### PARTIES

2. Plaintiff Great Paw is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 500 Mamaroneck Avenue, Harrison, New York, 10528. Great Paw is engaged in the business of manufacturing, selling, and distributing consumer products.

3. Upon information and belief, Defendant Veranda is a corporation organized and existing under the laws of the State of Massachusetts, having its principal place of business at 143 Essex Street, Suite 336, Haverhill, MA 01832.

4. Upon information and belief, Veranda conducts business throughout the United States, including throughout the State of New York and throughout this judicial district.

5. Upon information and belief, Veranda is in the business of, *inter alia*, the manufacture, marketing, sale, and/or distribution of consumer products throughout the United States.

6. Upon information and belief, Veranda distributes, sells, and markets for sale its products to consumers within New York and within this judicial district through online retail channels, including Verandaoutdoors.com and Amazon.com.

7. Upon information and belief, Veranda also represents on its website that it distributes its products through at least forty-seven stores within the state of New York and at least twelve stores within this judicial district.

8. Upon information and belief, Veranda has some right, title, and/or interest in the '534 patent.

9. Upon information and belief, Defendant Clough is an individual residing at 12 Harding Avenue, Haverhill, Massachusetts 01835.

10. Upon information and belief, Clough is the President and Chief Executive Officer of Veranda.

11. Upon information and belief, Clough is the inventor of the '534 patent.

2

## JURISDICTION AND VENUE

12. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13. This Court has specific personal jurisdiction over Veranda because Veranda has conducted business in and directed at New York related to the '534 patent. On information and belief, Veranda has at least conducted business in this judicial district.

14. Additionally, Veranda has accused Great Paw of infringement with respect to products that are distributed, sold, and used within this judicial district.

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

## FACTS AS TO ALL COUNTS

16. The '534 patent is entitled "Mittens which provide extra comfort and protection for children playing in the snow." The '534 patent states on its face that it was issued to Timothy F. Clough.

17. The application that issued as the '534 patent was filed on October 26, 2000, and the United States Patent and Trademark Office issued the '534 patent on April 2, 2002.

18. The '534 patent contains three independent claims – claims 1, 3, and 5 – and twelve dependent claims.

19. Great Paw is a manufacturer, distributor, and online retailer of consumer products, including the Chakka Snowblokka Mittens ("Snowblokka Mittens").

20. Chris Kalian received a letter dated January 21, 2016 ("the Letter") from counsel for Veranda, alleging that the Snowblokka Mittens infringe the '534 patent under 35 U.S.C. §271(a)-(c).

21. Veranda alleges that the Snowblokka Mittens infringe at least claims 5, 6, 7, 11 and 12 of the '534 patent under §271(a), and at least claims 1 and 3 of the '534 patent under §271(b) and (c).

22. The Letter explicitly demands that Great Paw (1) discontinue the manufacture, sale, and advertising for sale of its Snowblokka Mittens; (2) pay certain damages and associated fees; and (3) respond, or risk further action by Veranda.

23. The Letter is clear and unambiguous, and it evidences a dispute of sufficient immediacy and reality.

24. Upon information and belief, Veranda and/or Clough has sufficient right, title, and/or interest in the '534 patent to bring suit for alleged infringement of the patent.

25. Upon information and belief, the patent-in-suit is invalid for failure to meet the conditions of patentability of one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

26. Great Paw does not make, use, or sell any products that infringes any valid claim of the '534 patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '534 PATENT

27. Great Paw repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

28. Upon information and belief, Clough is the current owner of the '534 patent.

29. Upon information and belief, Veranda is the current assignee of the '534 patent.

30. An actual and justiciable case or controversy exists between Plaintiff Great Paw and Defendants Veranda and/or Clough concerning non-infringement of the patent-in-suit, which requires a declaration of rights by this Court.

31. The manufacturing, marketing, use, sale, and/or importation of Snowblokka Mittens by Great Paw does not, has not, and will not, infringe any valid and enforceable claim of the patent-in-suit.

32. The claims of the '534 patent require, among other things, "a pair of mittens, each having an elongated snow shielding sleeve" each elongated sleeve being "thin enough to permit an overcoat sleeve to be [readily or easily] slipped over said elongated snow shielding sleeve" having "a length extending up to [an] elbow region" or "cover[ing] almost all of the forearm" of a young child. Before infringement can be determined, a court must construe the claims of the '534 patent. The Snowblokka Mittens and/or Great Paw's activities regarding the manufacture, importation, marketing, use, and/or sale thereof do not infringe these claims at least because its Snowblokka Mittens do not practice all the limitations of the '534 patent claims under a proper claim construction.

33. Great Paw is entitled to a declaratory judgment that its manufacture, use, offer for sale, and/or sale in the United States and/or its importation into the United States of its Snowblokka Mittens does not infringe any valid and enforceable claim of the patent-in-suit.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '534 PATENT

34. Great Paw repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

35. Upon information and belief, Clough is the current owner of the '534 patent.

36. Upon information and belief, Veranda is the current assignee of the '534 patent.

37. An actual and justiciable case or controversy exists between Plaintiff Great Paw and Defendants Veranda and/or Clough concerning the invalidity of the patent-in-suit, which requires a declaration of rights by this Court.

38. The claims of the patent-in-suit are invalid and/or unenforceable for failure to meet the requirements of patentability under at least 35 U.S.C. §§ 102 and/or 103.

39. As an example, claims 1-4 of the '534 patent are invalid because U.S. Patent No. 2,558,533 to Bell ("Bell") in view of U.S. Patent No. 5,867,886 to Gregory, minor et al. ("Gregory") teach, in combination, a mitten with an elongated sleeve that extends up to an elbow region that is further worn underneath a coat sleeve.

40. As an additional example, claims 5-15 of the '534 patent are invalid because Bell and U.S. Patent No. 5,022,093 to Hall ("Hall"), both of which were not before the United States Patent and Trademark Office during prosecution of the '534 patent, each individually teach a mitten with an elongated sleeve that extends up to an elbow region, where the elongated sleeve is thin enough to permit an overcoat sleeve to be slipped over.

41. At least claims 1, 3, 5, 6, 7, 11, and 12 of the '534 patent are invalid and/or unenforceable for failure to meet the requirements of patentability under at least 35 U.S.C. § 112, at least because the Asserted Claims are indefinite and/or not enabled by the specification.

42. The specification of the '534 patent lacks sufficient support at least for the claim terms "extending up to an elbow region" and "thin enough to permit" of independent claims 1, 3, and 5, and their dependent claims.

43. The specification and/or prosecution history of the '534 patent fail to inform, with reasonable certainty, a person having skill in the art the dimensions and/or thickness that would permit an overcoat sleeve to slip over the "snow shielding sleeve." Similarly, the specification is

silent with respect to the scope of dimensions and/or description regarding the length of the "snow shielding sleeve."

44. At least claims 1 and 3 of the patent-in-suit are invalid and/or unenforceable for failure to meet the requirements of patentability under at least 35 U.S.C. § 101, at least because they are directed at abstract ideas and lack an inventive concept sufficient to transform the claims into patentable subject matter. More specifically, claims 1 and 3 of the '534 patent are directed to the abstract idea of dressing a child.

45. Great Paw is entitled to a declaratory judgment that the claims of the patent-in-suit are invalid or unenforceable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Great Paw respectfully requests the following relief and respectfully requests that the Court:

A. Declare that Plaintiff Great Paw's products do not infringe any valid and enforceable claim of U.S. Patent No. 6,363,534;

B. Declare that the claims of U.S. Patent No. 6,363,534 are invalid and/or unenforceable;

C. Find this case exceptional under 35 U.S.C. § 285, and award Plaintiff Great Paw its reasonable attorney fees, expenses, and costs incurred in this action; and

F. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Great Paw demands a trial by jury as to all matters triable by a jury.

Dated: February 10, 2016

Respectfully submitted,

By: *[signature]*
Edgar H. Haug
ehaug@flhlaw.com
Robert E. Colletti
rcolletti@flhlaw.com
Janice X. Ye
jye@flhlaw.com
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue, 10th Floor
New York, New York 10151
212.588.0800
212.588.0500

*Attorneys for Great Paw, Inc.*